```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DOUGLAS PAUL BELASCO,

                          Plaintiff,            09-CV-6458T

              v.                                **DECISION**
                                                **and ORDER**
TOWN OF GREECE, MERRITT RAHN, former
Chief of Police, Individual Capacity,
TODD BAXTER, current Chief of Police,
OFFICERS DAVE ROBBINS; WILSON; GREEN;
DAVID MANCUSO, JOSE RODRIGUEZ & B.M.
GOATER; SERGEANT ROBINSON; CAPTAIN
CHATTERTON;
All in their individual capacities,

                          Defendants.
_____
```

## INTRODUCTION

Plaintiff Douglas Paul Belasco, ("Belasco") brings this action against defendants Town of Greece ("Greece" or the "Town") and several police officers employed by the Town claiming that his civil rights were violated by the Town and the named individual defendants. Specifically, Belasco alleges that he was retaliated against by the defendants for exercising his First Amendment rights; was subjected to excessive use of force by defendants Robbins, Green, Wilson, Mancuso, Rodriguez, and Goater in connection with separate incidents in which he was arrested; was subjected to assault and battery by defendants Rodriguez and Goater, and was subjected to negligent and intentional infliction of emotional harm by Rodriguez and Goater.

On June 19, 2012, plaintiff filed an Amended Complaint purporting to substitute nine defendants for the "John Doe" defendants that were named in the Original Complaint. Plaintiff also purports to add three causes of action against defendants Rodriguez and Goater. Defendants now move to dismiss plaintiff's Amended Complaint on grounds that the plaintiff failed to timely identify the named defendants, and has failed to state a cause of action against the named defendants. For the reasons set forth below, I grant in-part and deny in-part defendants' motion to dismiss.

BACKGROUND

Plaintiff filed his original Complaint on September 9, 2009, in which he alleged that police officers from the Town of Greece, New York, abused their authority in conducting a search of his home, and then retaliated against him by arresting him and physically abusing him after he publicly criticized the Police Department and demanded answers as to why he had been targeted by the Police. In the original Complaint, plaintiff failed to identify any individual defendants other than Merritt Rahn, and instead listed several "John Doe" defendants. By Order of the Court dated December 12, 2010, plaintiff was given a deadline of January 10, 2011 to amend the Complaint to identify the John Doe officers. See December 12, 2010 Letter Order (Docket item no. 14) Although plaintiff moved to identify the John Doe officers on

January 6, 2011, (Docket item no. 15) plaintiff later withdrew that motion. (Docket item no. 19) Following plaintiff's withdrawal of the motion, Magistrate Judge Payson issued an Order advising plaintiff's counsel Christina Agola that if she wished to amend the Complaint to identify the John Doe defendants, she would have to show good cause for failing to do so in a timely manner. Id.

Approximately 17 months after the deadline for identifying the John Doe defendants had passed, and approximately two-and-a-half years after the Complaint was filed, on June 19, 2012, plaintiff amended his Complaint to add three additional causes of action, and replace the John Doe defendants with nine identified defendants. In addition to the causes of action for retaliation and excessive use of force in connection with two separate arrests, plaintiff added causes of action for negligent and intentional infliction of emotional distress, and assault and battery.

Defendants move to dismiss plaintiff's Amended Complaint on grounds that plaintiff has failed to state a cause of action against the individual defendants, and plaintiff may not revive untimely claims against individual defendants.[1] Specifically, defendants claim that the attempt to Amend the Complaint to add defendants Robbins, Green, Wilson, Mancuso and Robinson is untimely, and must be denied on grounds that plaintiff failed to

---

[1] Although defendants seek dismissal of plaintiff's complaint in its entirety, defendants fail to address the claims made by plaintiff against the Town of Greece.

timely identify these defendants as required under the Court's Scheduling Orders, and has failed to show good cause for failing to comply with the Court's Scheduling Orders. Defendants also seek dismissal of plaintiff's claims against defendants Baxter, Robinson, and Chatterton on grounds that plaintiff failed to timely identify these defendants, and has failed to allege the personal involvement of these defendants in any alleged violation of plaintiff's constitutional rights. Finally, defendants seek dismissal of all claims against defendant Rahn on grounds that plaintiff has failed to establish Rahn's personal involvement in any alleged violation of plaintiff's rights.

For the reasons set forth below, I grant defendants' motion to dismiss plaintiff's claims against defendants Robbins, Green, Wilson, Mancuso, Rodriguez, Goater Baxter, Robinson, and Chatterton on grounds that plaintiff failed to timely identify these defendants, and has failed to show good cause for his failure to comply with this Court's scheduling Order directing plaintiff to identify these defendants no later than January 10, 2011.

## DISCUSSION

I. <u>Legal Standards for evaluating a Motion to Dismiss</u>

Defendant moves to dismiss plaintiff's Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure an claiming that plaintiff's claims are untimely, (and therefore this court lacks jurisdiction over them) and that she has failed to

4

state a claim upon which relief can be granted. When evaluating a Rule 12(b)(6) motion, the court must ascertain, after presuming all factual allegations in the pleading to be true and viewing them in the light most favorable to the plaintiff, whether or not the plaintiff has stated any valid ground for relief. Ferran v. Town of Nassau, 11 F.3d 21, 22 (2d Cir. 1993), cert. denied 513 U.S. 1014 (1994). The court may grant a Rule 12(b)(6) motion only where "`it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Allen v. WestPoint-Pepperell, Inc., 945 F.2d 40, 44 (2d Cir. 1991) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). "This rule applies with particular force where the plaintiff alleges civil rights violations or where the complaint is submitted *pro se*." Chance v. Armstrong, 143 F.3d 698, 701 (2d Cir. 1998).

    II.    Defendants are Entitled to Dismissal of the Causes of Action against the Nine Previously Unidentified Individual Defendants.

Plaintiff contends that the defendants' motion to dismiss claims against defendants Robbins, Wilson, Green, Mancuso, Rodriguez, Goater and Robinson is improper because defendants fail to assert, no less establish, that the Amended Complaint fails to state a cause of action against these individual defendants. Plaintiff argues that as a result, the motion must be denied.

I find, however, that the defendants are entitled to the relief they seek, whether the relief is characterized as dismissal

5

of the actions against the nine previously unidentified individual defendants, or striking of those portions of the Amended Complaint that fail to comply with this Court's previous Scheduling Orders. It is uncontroverted that plaintiff was required to identify all individual defendants he intended to proceed against by no later than January 10, 2011. It is further uncontroverted that plaintiff failed to do, and that as a result of his failure to do so, Judge Payson Ordered that plaintiff would be required to show good cause for failing to timely identify any named defendant if he sought to proceed against any additional named individual defendant. See Order dated February 18, 2011 (Docket item no. 19)("Should plaintiff file a new motion to amend, plaintiff must address the good cause standard under Rule 16 of the Federal Rules of Civil Procedure.") Despite having been specifically advised that he would have to show good cause for attempting to amend the Complaint to substitute named defendants for the John Doe defendants named in the Complaint, plaintiff, without receiving permission from the Court, and without demonstrating good cause to do so, added nine previously unidentified named defendants to the Amended Complaint. Because plaintiff has failed to show good cause for not identifying these named defendants within the time deadlines imposed by the Court, I find that Plaintiff's Amended Complaint, to the extent it attempts to name previously unidentified individuals as defendants, must be dismissed.

Plaintiff alleges that the Amended Complaint should be allowed because defendants will not be prejudiced by the addition of the nine named defendants to the case. This argument, however, ignores the fact that plaintiff was Ordered to show good cause if he intended to Amend the Complaint to add named defendants.[2] Indeed plaintiff has failed to even address the issue of "good cause" in his opposition to the defendants' motion. As the Second Circuit Court of Appeals has held, a court may, under Rule 16 of the Federal Rules of Civil Procedure, deny leave to amend a Complaint where the plaintiff has failed to comply with the court's Scheduling Order, and has failed to establish good cause for its failure to comply with that Order. <u>Parker v. Columbia Pictures Industries</u>, 204 F.3d 326, 340 (2nd Cir., 2000)("despite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause.").

In this case, plaintiff has not even attempted to establish that there was good cause for failing to identify the nine previously unnamed defendants prior to the January 10, 2011 deadline for doing so. Instead, the record reveals that after this

---

[2] It is undisputed that the defendants consented to plaintiff's filing of an Amended Complaint, but that the consent was limited to allowing plaintiff to allege causes of action based on an incident that occurred on November 17, 2011, long after the original Complaint had been filed. Defendants did not consent to plaintiff adding nine individual officers as defendants.

case was filed in September, 2009, the parties engaged in discovery, and as of June, 2010, the defendants had disclosed to the plaintiff the identities of all officers who had contact with the plaintiff. The Plaintiff was ordered to identify the John Doe defendants no later than January 10, 2011–more than 16 months after the Complaint was filed–but he failed to do so. Plaintiff has not attempted to explain why he failed to identify the John Doe defendants in a timely manner, despite having been given their identities within 10 months of filing the Complaint.

Because plaintiff has failed to establish good cause for failing to comply with this Court's Scheduling Orders, I grant defendants' motion to dismiss all causes of action against defendants Baxter, Robbins, Wilson, Green, Mancuso, Rodriguez, Goater, Robinson and Chatterton.

With respect to defendants Robbins, Mancuso, and Chatterton, I find that plaintiff has failed to allege the personal involvement of any of these defendants with respect to the alleged violations of plaintiff's constitutional rights. Under Section 1983, only a defendant who "personally 'subjects, or causes to be subjected' any person to the deprivation of any federal right will be held liable. Accordingly, 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" Dove v. Fordham University, 56 F. Supp.2d

330, 336 (S.D.N.Y. 1999)(quoting Williams v. Smith, 781 F.2d 319, 323 (2d Cir. 1986)).

Plaintiff's Amended Complaint fails to identify any act taken by defendant Robbins, and instead only identifies him as a Town of Greece Police Officer. The only allegation made against Mancuso is that, on one occasion, he said the words "nice lawsuit" to the plaintiff when plaintiff was being booked at the Greece Police Station. The only claim made against defendant Chatterton is that the Town of Greece had a policy or custom of failing to train officers that included the failure of defendant Chatterton to Supervise defendants Robbins, Green, Wilson, Rodriguez, and Goater. These allegations fail to allege that Chatterton, Robbins, or Mancuso were personally involved in the depravation of any of plaintiff's constitutional rights.

### III. Defendant Rahn

It is well settled that a supervisor employed by a municipality may be held liable under Section 1983 for the violation of a plaintiff's civil rights. Though a supervisor may not be held liable on a theory of respondeat superior, a supervisor may be held liable where the plaintiff can demonstrate that the supervisor was personally involved in the acts causing the alleged deprivation. To demonstrate personal involvement by a supervisory official, a plaintiff must establish that the official:

> (1) directly participated in the violation;
> (2) failed to remedy the violation after

> learning of it through a report or appeal; (3) created a custom or policy fostering the violation or allowed the custom or policy to continue after learning of it; or (4) was grossly negligent in supervising subordinates who caused the violation.

Sealy v. Giltner, 116 F.3d 47, 51 (2d Cir. 1997) (*citing* Williams v. Smith, 781 F.2d 319, 323-24 (2d Cir. 1986)).

In the instant case, plaintiff has sufficiently alleged the personal involvement of Rahn by alleging that Rahn created or perpetuated a custom or policy of allowing officers to use excessive force in arresting or detaining citizens, and retaliating against citizens who questioned the practices of the Greece Police Department. Plaintiff also alleges that Rahn was grossly negligent in supervising the defendant officers, and that as a result of his failure to supervise those officers, plaintiff's rights were violated. Whether or not plaintiff can ultimately prove those allegations is a not an issue for determination on a motion to dismiss. The plaintiff, at this stage, is required only to demonstrate that the claims contained in the complaint state a cause of action. Because plaintiff has alleged facts that if proven would state a claim for the violation of his civil rights, I deny defendant Rahn's motion to dismiss.

CONCLUSION

For the reasons set forth above, I grant in-part and deny in-part defendants' motion to dismiss. I grant defendants' motion to dismiss plaintiff's second cause of action against defendants Robbins, Green, Wilson, Mancuso, Rodriguez, and Goater, or any other individual defendant not specifically named in that cause of action. I further dismiss plaintiff's claims against defendants Baxter, and Chatterton. I deny defendant's motion to dismiss plaintiff's Third, Fourth, and Fifth Causes of action against defendants Goater and Rodriguez to the extent those causes of action arise out of the alleged incident occurring on November 17, 2011. I further deny defendants' motion to dismiss plaintiff's claims against defendant Rahn.

As a result, plaintiff's claims may go forward as follows. Plaintiff's First and Second Causes of Action may proceed against the Town Of Greece and defendant Rahn. Plaintiff's Third, Fourth, and Fifth Causes of Action may proceed against defendants Goater and Rodriguez, but only with respect to claims arising out of the alleged November 17, 2011 incident.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca
Michael A. Telesca
United States District Judge

DATED: Rochester, New York
November 8, 2012